**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RICHARDS INDUSTRIAL PARK, LP, a California limited partnership; and MARC BARMAZEL, an individual,

Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for La Jolla Bank, FSB; and NATIONSTAR MORTGAGE, a business entity,

Defendants.

CASE NO. 11cv2059-LAB (DHB)

**ORDER OF DISMISSAL**

Richards Industrial Park, LP and its general partner, Marc Barmazel, brought this lawsuit against the Federal Deposit Insurance Corporation (FDIC) based on its alleged breach of a real estate related agreement. (Docket no. 33.) Plaintiffs' remaining claims are for breach of contract and breach of the covenant of good faith and fair dealing. The FDIC has filed a motion to dismiss. (Docket no. 34.)

## I. Factual Background

### A. Pre-Receivership Claims

In their First Amended Complaint (FAC), Plaintiffs contend that ALB Properties and La Jolla Bank made misrepresentations in the course of several real estate transactions, causing Plaintiffs damages. (Docket no. 33, ¶¶ 6-10.) Thereafter, the FDIC was appointed

receiver for La Jolla Bank. (*Id.*, ¶ 11.) Based on La Jolla Bank's alleged pre-receivership misrepresentations, Plaintiffs filed with the FDIC a timely administrative claim for fraud and misrepresentation. (*Id.*) The FDIC denied Plaintiffs' administrative claim. (*Id.*, ¶ 24.)

**B. Post-Receivership Claims**

The FAC contains claims arising out of alleged post-receivership conduct by the FDIC. Plaintiffs allege that, in an effort to resolve their dispute with the FDIC without litigation, they negotiated, and reached an agreement for, a ten percent discount on certain real estate loans. (*Id.*, ¶¶ 12-23.) Plaintiffs allege that, in reliance on their agreement with the FDIC, they changed their marketing, pricing, and strategy for the sale of one of their properties. (*Id.*, ¶ 25.) They allege further that, after Plaintiffs found a buyer for the property, the FDIC refused to honor its earlier agreement to offer a ten percent discount. (*Id.*, ¶¶ 26-27.) Based on these allegations regarding the FDIC's post-receivership conduct, the FAC asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

**C. Exhaustion of Administrative Remedies**

The FAC alleges that Plaintiffs "have complied with any pre-litigation requirement that they submit a claim for breach of the Agreement by complying with the criteria set forth in *Heno v. FDIC*, 20 F.3d 1204 (1st Cir. 1994) (*Heno II*) for submitting a post receivership claim to the FDIC." (*Id.*, ¶ 28.) However, Plaintiffs don't explain what they did to comply with *Heno II*, or even what they think *Heno II* requires. Thus, the FAC doesn't make clear whether Plaintiffs have filed an administrative claim dealing with their claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

**D. The FDIC's Motion to Dismiss**

The FDIC contends that Plaintiffs are relying on their initial administrative claim for pre-receivership fraud and misrepresentation to exhaust their post-receivership causes of action. Thus, they argue that the Court lacks jurisdiction over the claims in the FAC because they haven't been administratively exhausted, and the FAC should be dismissed under Fed. R. Civ. P. 12(b)(1). In response, Plaintiffs contend that no post-receivership administrative

claim was required because the May 26, 2010 claims bar date expired before their claims arose and, in any event, the FAC sufficiently alleges that they submitted a post-receivership administrative claim. (Docket no. 35.)

The FDIC's motion also seeks dismissal of Plaintiffs' breach of the implied covenant of good faith and fair dealing claim under Fed. R. Civ. P. 12(b)(6). The FDIC contends this claim should be dismissed because it's either based in contract, and therefore coextensive with Plaintiffs' breach of contract claim, or it's based in tort, and not available under California law.

## II. Discussion

### A. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. The FDIC asserts that the allegations contained in the FAC are insufficient on their face to invoke federal jurisdiction because Plaintiffs have not adequately alleged that they have exhausted the FDIC administrative claims process. (Docket no. 34 at 2.) Thus, the FDIC's Rule 12(b)(1) motion is a facial rather than a factual attack on Plaintiffs' FAC, and the Court

must accept the factual allegations in the FAC as true. *See Mapoy v. Washington Mut. Bank, FA*, 2011 WL 2580655, at *4 (N.D. Cal. June 29, 2011); *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation omitted).

**B. Exhaustion of Administrative Remedies**

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) strips courts of jurisdiction over claims that have not been exhausted through the FDIC's administrative process:

/ / /

/ / /

> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> >
> > (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). The FDIC seeks dismissal of the FAC based on this provision. Plaintiffs argue (1) no post-receivership administrative claim was required because the claims bar date expired before the facts underlying their claims occurred and (2) the FAC sufficiently alleges that Plaintiffs did submit a post-receivership administrative claim.

**1. Exhaustion Requirement for Post-Receivership Claims**

When liquidating a failed bank's assets, the FDIC must "promptly publish a notice to the depository institution's creditors to present their claims [to the FDIC] by a specified date in the notice[,]" otherwise known as a "claims bar date." 12 U.S.C. § 1821(d)(3)(B). Claims must be filed by the claims bar date set by the FDIC, which must be at least 90 days after notice is published. *Id*. Upon its appointment as receiver for La Jolla Bank, the FDIC established a May 26, 2010 claims bar date. (Docket no. 35 at 3.) Because their claims against the FDIC arose after the claims bar date expired, Plaintiffs argue that their claims aren't "susceptible of resolution through the claims process," so they weren't required to administratively exhaust them.

The Ninth Circuit addressed this issue in *McCarthy v. FDIC*, 348 F.3d 1075 (9th Cir. 2003). *McCarthy* held that the claims bar deadline doesn't apply to claims that arise after the claims bar date has passed. *Id*. at 1080-81. The Ninth Circuit explained:

> In light of this practice . . . and the plain language of § 1821(d)(13)(D), we cannot say that McCarthy's post-receivership claims are not susceptible of resolution through the administrative claims procedure solely because they arose after the FDIC was appointed receiver. Therefore, we join the majority of courts in holding that claimants such as McCarthy, who challenge conduct by the FDIC as receiver, must exhaust administrative remedies before seeking judicial review.

/ / /

*Id*. at 1081. As in *McCarthy*, the claims bar deadline doesn't preclude Plaintiffs from filing an administrative claim. Thus, just as in *McCarthy*, Plaintiffs must exhaust their administrative remedies before this Court has jurisdiction.

**2. Sufficiency of Plaintiffs' Exhaustion Allegations**

In the alternative, Plaintiffs argue that they have exhausted their claims, and that the FAC sufficiently alleges exhaustion. However, Plaintiffs' exhaustion allegation doesn't go beyond citing *Heno II* and declaring that they have complied with that case. The FAC doesn't explain what Plaintiffs did to comply with *Heno II.* Indeed, it makes no *factual* allegations regarding exhaustion of post-receivership claims whatsoever.

Failure to allege exhaustion of administrative remedies under FIRREA mandates dismissal for lack of subject matter jurisdiction. *See Parker's Model T v. FDIC*, 2012 WL 359670, at *3 (D. Nev. Feb. 2, 2012); *see also Madison v. First Magnus Fin. Corp*., 2009 WL 648500, at *4 (D. Ariz. Mar. 12, 2009) (dismissing case where complaint failed to sufficiently allege exhaustion of administrative process).

Plaintiffs have not sufficiently alleged exhaustion of their breach of contract and breach of the implied covenant of good faith and fair dealing claims. The FDIC's motion to dismiss for failure to sufficiently allege exhaustion of administrative remedies is **GRANTED**.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

The FDIC argues that Plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing because (1) the claim is improper since there's no recognized cause of action for tortious breach of contract outside of the insurance context and (2) the claim is superfluous because it doesn't go beyond the statement of a mere contractual breach. Plaintiffs contend their claim is based in contract, not tort, and that it's adequately alleged.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Jonathan Neil & Assocs., Inc. v. Jones*, 33 Cal.4th 917, 937 (2004). But, if allegations of a breach of such duty "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same

damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated ." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990). Thus, where a plaintiff has alleged both breach of contract and breach of implied covenant of good faith and fair dealing, "the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Id*.

Plaintiffs rely on the same alleged breach by the FDIC to support both of their claims. Thus, their breach of implied covenant of good faith and fair dealing claim is superfluous. The FDIC's motion to dismiss Plaintiffs' second claim for relief is **GRANTED**.

## III. Conclusion

The FAC is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs think they can successfully amend their complaint, they must seek leave by ex parte motion no later than June 29, 2015. Their proposed second amended complaint must be attached as an exhibit to the motion. If they file such a motion, the FDIC shall have until July 13, 2015 to oppose it. No reply should be filed unless leave is obtained in advance.

**IT IS SO ORDERED**.

DATED: June 10, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge