# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARDS INDUSTRIAL PARK, LP, a California limited partnership; and MARC BARMAZEL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for La Jolla Bank, FSB; and NATIONSTAR MORTGAGE, a business entity,<br><br>Defendants. | CASE NO. 11cv2059-LAB (DHB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT** |

Richards Industrial Park, LP and its general partner, Marc Barmazel, brought this lawsuit against the Federal Deposit Insurance Corporation (FDIC) based on its alleged breach of a real estate related agreement. (Docket no. 33.) The Court dismissed Plaintiffs' claims without prejudice because (1) they failed to sufficiently allege exhaustion of administrative remedies and (2) their breach of implied covenant of good faith and fair dealing claim is superfluous in light of their breach of contract claim. (Docket no. 40.) Plaintiffs move for leave to file a second amended complaint (SAC). (Docket no. 41.)

**I.    Background**

As relevant here, Plaintiffs contend that La Jolla Bank made misrepresentations in the course of several real estate transactions, causing Plaintiffs damages. (Docket no. 41-1,

¶¶ 6-10.) Thereafter, the FDIC was appointed receiver for La Jolla Bank. (*Id.*, ¶ 11.) Plaintiffs allege that, in an effort to resolve their dispute with the FDIC without litigation, they negotiated, and reached an agreement for, a ten percent discount on certain real estate loans. (*Id.*, ¶¶ 12-23.) Plaintiffs allege that, in reliance on their agreement with the FDIC, they changed their marketing, pricing, and strategy for the sale of one of their properties. (*Id.*, ¶ 25.) They allege further that, after Plaintiffs found a buyer for the property, the FDIC refused to honor its earlier agreement to offer a ten percent discount. (*Id.*, ¶¶ 26-27.) Based on these allegations regarding the FDIC's post-receivership conduct, Plaintiffs assert claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

## II.     Exhaustion of Administrative Remedies

The First Amended Complaint (FAC) alleged that Plaintiffs "have complied with any pre-ligitation requirement that they submit a claim for breach of the Agreement by complying with the criteria set forth in *Heno v. FDIC*, 20 F.3d 1204 (1st Cir. 1994) (*Heno II*) for submitting a post receivership claim to the FDIC." (Docket no. 33, ¶ 28.) However, Plaintiffs didn't explain what they did to comply with *Heno II*, or even what they thought *Heno II* requires. Plaintiffs were similarly coy in their response to the FDIC's motion to dismiss, declaring, without providing details, that they "did submit a post receivership claim that complies with applicable case law." (Docket no. 35 at 6.) The Court granted the FDIC's motion to dismiss, but gave Plaintiffs the opportunity to amend their complaint to allege facts sufficient to show that they met the exhaustion requirement. (Docket no. 40 at 4-6.)

Plaintiffs amended and, in their motion for leave to file their SAC, they argue:

(1) the FDIC always represented in writing to Plaintiffs that the Claims Bar Date was May 26, 2010,

(2) the FDIC never informed Plaintiffs that it would deem any post receivership claims timely even after submitted May 26, 2010,

(3) the FDIC never complied with the prerequisites required by *McCarthy v. FDIC*, 348 F.3d 1075, 1080-1081 (9th Cir. 2003), and [*Heno II*] for triggering the administrative claims process for Plaintiff's post receivership claims, and

(4) after the FDIC breached its agreement with Plaintiffs, the Plaintiffs protested in writing, meeting the criteria of *Heno II* to comply with the administrative process in this instance.

(Docket no. 41 at 2.) The amendments to their SAC reflect these arguments. (*See* Docket no. 41-1 at ¶¶ 28-30.)

### A.     Lack of Notice Doesn't Excuse Exhaustion of Administrative Remedies

The FDIC's alleged failure to inform Plaintiffs of the post-receivership claims process is irrelevant because "failure to give notice does not render the administrative claims process inapplicable." *McCarthy*, 348 F.3d at 1081. That's especially true where, as here, the FDIC has informed Plaintiffs that they remain willing to entertain the post-receivership claims. (*See* Docket no. 38 at 2.) Thus, Plaintiffs are required to exhaust their claims administratively.

### B.     Plaintiffs' E-mails Don't Exhaust Administrative Remedies

Plaintiffs attach e-mail communications between Michael.Ashby@nationstarmail.com and Plaintiff Marc Barmazel. In the e-mails, Ashby informed Barmazel that "the reviewing authorities denied the settlement offer. . . ." (Docket no. 41-1 at 2, 4, 6, 8, 10.) Barmazel responded "It was already approved. Next step is the lawsuit." (*Id.* at 6.) Then he asked "Please send me the names of the people that denied this." (*Id.* at 8.) Then he responded again "Please send all future emails to my attorney, Joel simon. His email is also attached." (*Id.* at 10.) Then he asked again "Please tell me the name of the person you spoke with that denied the 90% payoff." (*Id.* at 4.) Finally he asked

> I've asked you the same question three times now. If you are not going to answer me, please have the courtesy to just say you are not going to help me. Otherwise, please tell me the name of the person who declined the 10% offer to payoff the loan that was already approved by the FDIC.

(*Id.* at 12.)

Plaintiffs contend that, under *Heno II*, these e-mails sufficiently exhausted the administrative process. *Heno II* is inapplicable. There, the plaintiff submitted "detailed" written requests for action to the FDIC, and the FDIC conceded its treatment of the letters was "tantamount to administrative review under FDIC's internal manual procedures." *Heno II*, 20 F.3d at 1210. Here, Plaintiffs' e-mails were directed to a nationstarmail.com e-mail address, not to the FDIC, and the FDIC doesn't concede that the e-mails led to administrative review. Under these circumstances, Barmazel's e-mails didn't "provide[] the particular FDIC

receiverships with adequate notice of the challenged claims and with sufficient information and detail about the claims to enable the FDIC expeditiously and fairly to allow or disallow the claims." *Branch v. FDIC*, 833 F. Supp. 56, 60 (D. Mass. 1993); *see also Bank of Am., NA v. FDIC*, 908 F. Supp. 2d 60, 82 (D.D.C. 2012) ("A claimant may not exhaust its administrative remedies through communications outside of its proof of claim.).

### III.    Breach of the Implied Covenant of Good Faith and Fair Dealing

The Court granted the FDIC's motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing because it didn't go beyond the statement of a mere contractual breach. (Docket no. 40 at 6-7); *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990) ("If the allegations [of breach of implied covenant of good faith and fair dealing] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."). Plaintiffs' SAC includes the same breach of the implied covenant of good faith and fair dealing claim that the Court dismissed in its previous order. The Court **DENIES** Plaintiffs' motion to file this same claim again.

### IV.    Conclusion

Plaintiffs' motion to file an amended complaint is **DENIED** and their claims are **DISMISSED**. Plaintiffs may file their breach of contract claim again once they have exhausted heir administrative remedies.

**IT IS SO ORDERED**.

DATED: August 18, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge